FILED'09 OCT 22 16:28USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTINA MCCLELLAN, | Civ. No. 07-1309-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| I-FLOW CORPORATION, a Delaware corporation, et al., | |
| Defendants. | |

| | |
|---|---|
| DONNELL COX; DAVID DOOLITTLE and CAROLYN DOOLITTLE, husband and wife; JUAN A. HUERTA; and KATHERINE FORREST, | Civ. No. 07-1310-AA |
| | OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| DJO, LLC, a Delaware corporation, et al., | |
| Defendants. | |

1   - OPINION AND ORDER

GORDON J. ADDIS,                          Civ. No. 07-1318-AA
                                          OPINION AND ORDER
          Plaintiff,

     v.

MCKINLEY MEDICAL, L.L.C., a
Colorado corporation; et al.,

          Defendants.
_____

AIKEN, Chief Judge:

     Plaintiffs filed suit alleging negligence and products
liability arising from the post-operative use of pain pump devices
in their shoulder joints.  Defendant DJO Incorporated now moves for
summary judgment on plaintiffs' claims of negligence and strict
products liability.  DJO Incorporated argues that it cannot be held
liable to plaintiffs, because it was not a manufacturer,
distributor, lessor, or seller of the accused pain pumps, and
plaintiffs allege no other basis for liability in their complaints.

     Plaintiffs concede that DJO Incorporated did not manufacture,
distribute, lease, or sell the pain pumps at issue in these cases
and cannot directly be liable for claims of negligence or product
liability.  However, plaintiffs contend that DJO Incorporated is
named as the parent company of DJO LLC, and that DJO Incorporated
should be held liable for the acts of its subsidiary under the
theory of corporate veil-piercing.  Plaintiffs filed cross-motions
for summary judgment regarding the liability of DJO Incorporated
under this theory.  Simultaneously, plaintiffs filed motions to

amend in each of the above-captioned cases "to clarify" this claim in their complaints.

As DJO Incorporated points out, the most current complaints in each of the above-captioned cases do not allege or even suggest liability against DJO Incorporated as a parent company. For example, in <u>McClellan</u> and <u>Addis</u>, the complaints allege that the accused pain pump devices were "distributed, marketed, and sold by" DJO Incorporated and others. 07-1309-AA, Third Amended Complaint (doc. 90), ¶4; 07-1318-AA, Third Amended Complaint (doc. 85), ¶4. Similarly, in <u>Cox</u>, the complaint alleges that DJO Incorporated, among others, "designed, manufactured sold, and/or distributed a product called a 'pain pump' . . . ." 07-1310-AA, Sixth Amended Complaint (doc. 277), ¶13. Thus, contrary to plaintiffs' assertions, DJO Incorporated is not named as a parent company, and liability is not alleged under such a theory. Consequently, DJO Incorporated is entitled to summary judgment based on the theories of liability currently alleged.

Further, I decline to consider plaintiffs' cross-motions for summary judgment on claims that are not yet pled and subject to plaintiffs' pending motions to amend. Should plaintiffs' amendments be allowed, plaintiffs may renew their motions for summary judgment on DJO Incorporated's liability under the theory of corporate veil piercing.

///

3    - OPINION AND ORDER

CONCLUSION

Defendant DJO Incorporated's Motions for Summary Judgment (07-1309-AA, doc. 98; 07-1310-AA, doc. 335; 07-1318-AA, doc. 126) are GRANTED, and plaintiff's Cross-Motions for Summary Judgment (07-1309-AA, doc. 147; 07-1310-AA, doc. 352; 07-1318-AA, doc. 138) are DENIED with leave to renew if the court allows amendment of their complaints.

IT IS SO ORDERED.

DATED this 21 day of October, 2009.

_____
Ann Aiken
Chief United States District Judge