IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTINA MCCLELLAN,<br><br>   Plaintiff,<br><br>  v.<br><br>I-FLOW CORPORATION, a Delaware corporation, et al.,<br><br>   Defendants. | Civ. No. 07-1309-AA<br>OPINION AND ORDER |
| DONNELL COX; DAVID DOOLITTLE and CAROLYN DOOLITTLE, husband and wife; JUAN A. HUERTA; and KATHERINE FORREST,<br><br>   Plaintiffs,<br><br>  v.<br><br>DJO, LLC, a Delaware corporation, et al.,<br><br>   Defendants. | Civ. No. 07-1310-AA<br>OPINION AND ORDER |
| GORDON J. ADDIS,<br><br>   Plaintiff,<br><br>  v.<br><br>MCKINLEY MEDICAL, L.L.C., a Colorado corporation, et al.,<br><br>   Defendants. | Civ. No. 07-1318-AA<br>OPINION AND ORDER |

1 - OPINION AND ORDER

| | |
|---|---|
| DANNY E. ARVIDSON and ANN E. ARVIDSON as husband and wife; and MARCY J. LANDOLFO,<br><br>      Plaintiffs,<br><br>v.<br><br>DJO, LLC, a Delaware corporation, et al.,<br><br>      Defendants. | Civ. No. 08-478-AA<br>OPINION AND ORDER |

AIKEN, Chief Judge:

    Plaintiffs filed suit alleging negligence and products liability arising from the post-operative use of pain pump devices in their shoulder joints. Before the court are motions for clarification filed by defendants I-Flow Corporation (I-Flow) and McKinley Medical, LLC (McKinley) and joined by the DJO defendants (DJO). Defendants seek clarification that the cases are scheduled to be tried separately, one after another, rather than as consolidated cases. In the event the court intended to consolidate cases for trial, defendants object and move for severance pursuant to Fed. R. Civ. P. 20 and 42. I clarify that cases are consolidated for trial as set forth in my Order of March 18, 2010 and deny defendants' objections, with the exception of the Landolfo case.

## DISCUSSION

    In my order dated March 18, 2010, I scheduled cases for trial in groups based on common manufacturer defendants, with the intent

2   - OPINION AND ORDER

that the cases would be consolidated. Although my order was issued four months ago, defendants now seek clarification of the court's order, two months prior to commencement of the first trial. Defendants make much of the fact that in previous status conferences, I voiced an intent not to consolidate multiple plaintiffs' claims for trial. While defendants are correct to a point, I was primarily referring to the Cox cases, which involved different manufacturer defendants, a problem since resolved by severing Huerta for trial. Also, my previous statements were made without the context of the parties' trial proposals submitted in March, and I reconsidered my earlier inclination after hearing the evidence presented at the Daubert hearings and reviewing the parties' competing trial proposals. I reaffirm my finding that consolidation based on the manufacturer defendant is appropriate in these cases and consistent with the spirit and purposes of Federal Rules 20 and 42.

The joinder of multiple parties is governed by Federal Rule of Civil Procedure 20(a). Multiple plaintiffs or defendants may be joined if the claims asserted arise "out of the same transaction, occurrence, or series of transactions or occurrences," and questions of law or fact are common to all plaintiffs or defendants. Fed. R. Civ. P. 20(a)(1), (2). Rule 20(a) "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing

3   - OPINION AND ORDER

multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).

Similarly, Rule 42(a) authorizes the court to consolidate for trial cases involving "common question[s] of law or fact," although the court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(a)(1),(b). In making this determination, the court must weigh the interest "in judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." Paxonet Commc'n, Inc. v. TranSwitch Corp., 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003). The district court has broad discretion to decide whether to consolidate cases for trial. In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987).

Here, the primary issue is consolidation of certain plaintiffs' claims for trial; although several defendants will also joined for trial, they are consolidated primarily according to common defendants who would be joined for trial in most instances even if each case was tried separately. In all cases, plaintiffs assert claims of negligence and products liability against defendants that arise out of the same transaction or occurrence, or series of transactions or occurrences, regarding defendants' actions in promoting, and marketing, and distributing the accused pain pumps. Specifically, plaintiffs allege common theories of liability based on their assertion that defendants manufactured,

4   - OPINION AND ORDER

marketed, promoted, and sold pain pumps for intra-articular uses with knowledge that the pain pumps had not been approved for such uses, thus causing the harm (chondrolysis) suffered by all plaintiffs. The plaintiffs joined for trial also share common facts with respect to their individual surgeries. Further, the same expert witnesses will testify in most cases and rely on similar evidence. In other words, not only are plaintiffs' theories of liability common to all defendants, issues of fact and law are common to all joined plaintiffs and defendants.

For example, with respect to plaintiffs in McClellan, Huerta, and Arvidson, all assert the same claims of negligence and products liability, arguing that defendants promoted the I-Flow pain pump for intra-articular uses even though it had not been cleared for such uses and without regard for potential injury or harm. Plaintiffs' claims share many common facts, though factual distinctions exist, as set forth below:

|            | *McClellan*            | *Huerta*                | *Arvidson*             |
|------------|------------------------|-------------------------|------------------------|
| Pain Pump  | I-Flow                 | I-Flow                  | I-Flow                 |
| Anesthetic | Marcaine epinephrine   | lidocaine epinephrine   | Marcaine epinephrine   |
| Surgeon    | DiPaola                | Benz                    | Bowman                 |
| Date       | 9/1/04                 | 9/27/04                 | 7/14/04                |

Notably, Drs. Bowman and DiPaola are purportedly colleagues at Occupational Orthopedics and used the same medications during surgery in the McClellan and Arvidson. While I recognize that

5   - OPINION AND ORDER

plaintiff Huerta's claims involve a different surgeon and anesthetic, I find that these distinctions are outweighed by the common legal and factual issues present in all three cases, the common witnesses that will testify, and by the interests of cost, efficiency, and judicial economy.

With respect to *Cox*, *Doolittle*, *Forrest*, and *Addis*, the plaintiffs assert the same theories of negligence and products liability, in that defendants allegedly promoted the McKinley (or DonJoy) pain pump for intra-articular uses without obtaining approval for such uses and without regard for potential injury or harm. Further, these plaintiffs share common issues of fact with respect to their individual surgeries, as set forth below:

|  | *Cox* | *Doolittle* | *Forrest* | *Addis* |
| --- | --- | --- | --- | --- |
| Pain Pump | DonJoy | DonJoy | DonJoy | DonJoy |
| Anesthetic | Marcaine 5% epinephrine | Marcaine 5% epinephrine | Marcaine 5% epinephrine | Marcaine 5% epinephrine |
| Surgeon | Bowman | Bowman | Bowman | Bowman |
| Date | 5/12/04 | 5/12/04 | 3/22/04 | 3/31/04 |

Notably, the defendants are the same in each case, and the same physician performed all plaintiffs' surgeries over a two-month period using the same dosage of the same anesthetic. Plaintiffs further note that Dr. Bowman has testified that he learned how to place the pain pump catheter in the shoulder joint from DJO's sales representative and from his colleague, Dr. DiPaola. Thus, in addition to the legal theories of liability applicable to all

6   - OPINION AND ORDER

defendants, numerous issues of fact are common to all four plaintiffs. Finally, all three defendants - McKinley, DJO, and PacMed - would be involved in each case even if they were tried separately, with all defendants presenting similar evidence regarding their actions in manufacturing, marketing, promoting, selling, and distributing the accused pain pumps.

Defendants also argue that consolidation will cause confusion and prejudice. Defendants maintain that plaintiff-specific issues of product use, causation, and damages along with plaintiffs' different ages, social histories, and work histories would require repeated separation of issues by the court and lead to confusion by the jury. Further, defendants argue that presentation of multiple plaintiffs with similar injuries might cause the jury to conclude that there must be a basis for plaintiffs' allegations and improperly assume that defendants engaged in the alleged wrongful conduct.

If the court accepted defendants' arguments, consolidation would be precluded in almost any circumstance. Courts and juries routinely distinguish evidence presented by different plaintiffs or against different defendants, and I do not find these cases so complicated as to require separate trials. Recently, a district court granted the plaintiffs' motion for consolidation of four product liability cases against a medical device manufacturer. See In re Montor Corp. Obtape Transobturator Sling Prods. Liab. Litig.,

2010 WL 797273 (M.D. Ga. Mar. 3, 2010). There, the plaintiffs sought consolidation for trial, arguing that the defendants made similar representations to plaintiffs' physicians, the plaintiffs suffered similar injuries, and common experts relied on similar evidence. The defendant objected, arguing that consolidating the plaintiffs' claims was prejudicial and would confuse the jury, because the plaintiffs had different medical histories and backgrounds. Id. at *2. The district court disagreed, finding that differences in the plaintiffs' medical conditions could be explained to a jury and that consolidation "would provide the parties with an opportunity to obtain results from multiple claims without burdening the Court or parties with the substantial cost of multiple separate trials." Id. at *4. The district court reasoned that "[s]o long as the evidence is introduced in an organized fashion," with appropriate jury instructions, potential prejudice to the defendant would be minimized. Id. at *3-4; see also Munjak v. Signator Investors, Inc., 2003 WL 23506989, *2 (D. Kan. Dec. 10, 2003) ("The court believes that jury instructions can be written to avoid confusion when multiple plaintiffs are involved.").

In sum, I agree with plaintiffs that the interests of convenience, efficiency, and judicial economy outweigh the risk of confusion and potential prejudice, given the common facts and legal issues, the costly burden of separate trials, and the length of time saved through consolidation. Further, I am persuaded by the

8    - OPINION AND ORDER

reasoning in In re Montor that any potential prejudice to defendants can be alleviated through careful and thoughtful presentation of evidence and specific instructions to the jury.

The sole exception is Landolfo. Because plaintiff's claims against I-Flow have been dismissed and DJO's motion to reinstate McKinley as the manufacturer defendant was denied, DJO is the only defendant in Landolfo. I find consolidation of Landolfo with the McKinley cases problematic, given DJO's status as a distributor and the number of cases already consolidated for trial. Therefore, Landolfo shall be severed from Arvidson for trial and tried separately.

## CONCLUSION

Defendants' Motions for Clarification and Joinder are GRANTED to the extent that the court clarifies its Order of March 18, 2010. Defendants' objections to consolidation are DENIED, with the exception of Landolfo v. DJO, LLC, et al., 08-478-AA, which is HEREBY SEVERED for trial. Accordingly, these cases are consolidated and set for trial as follows:

In McClellan v. I-Flow, et al., 07-1309-AA, Huerta v. I-Flow, 07-1310-AA, Arvidson v. DJO, LLC, et al., 08-478-AA, a fifteen-day consolidated jury trial shall commence on **September 20, 2010 at 9:00 a.m.** in Courtroom 12A of the Hatfield Courthouse in Portland, Oregon. The pretrial conference in these consolidated cases shall remain as scheduled on **September 8, 2010 at 9:00 a.m.** in Courtroom

12A of the Hatfield Courthouse in Portland, Oregon. The parties are reminded that proposed voir dire and jury instructions, witness lists (including a time estimate for each witness and a brief description of their testimony), exhibit lists, trial memoranda, motions in limine and proposed verdict forms shall be filed on or before **August 6, 2010.** Proposed verdict forms and jury instructions shall be submitted to the court on disk in WordPerfect 10 for Windows (previous versions of WordPerfect are acceptable). The parties are also reminded that copies of exhibits and objections to exhibits shall be filed on or before **August 20, 2010** after conferral among the parties.

In <u>Cox, Doolittle, Forrest v. DJO, LLC, et al.</u>, 07-1310-AA and <u>Addis v. McKinley Medical, et al.</u>, 07-1318-AA, a fifteen-day jury trial shall commence on **October 18, 2010 at 9:00 a.m.** in Courtroom 12A of the Hatfield Courthouse in Portland, Oregon. The pretrial conference in the above cases will be held on **October 12, 2010 at 9:00 a.m.** in Courtroom 12A of the Hatfield Courthouse in Portland, Oregon. Proposed voir dire and jury instructions, witness lists (including a time estimate for each witness and a brief description of their testimony), exhibit lists, trial memoranda, motions in limine and proposed verdict forms shall be filed on or before **September 28, 2010.** Proposed verdict forms and jury instructions shall be submitted to the court on disk in WordPerfect 10 for Windows (previous versions of WordPerfect are acceptable). Copies

of exhibits and objections to exhibits shall be filed on or before **October 5, 2010** after conferral among the parties.

In <u>Landolfo v. DJO LLC, et al.</u>, 08-478-AA, an eight-day jury trial shall commence on **November 29, 2010 at 9:00 a.m.** in Courtroom 12A of the Hatfield Courthouse in Portland, Oregon. The pretrial conference will be held **November 22, 2010 at 9:00 a.m.** in Courtroom 12A of the Hatfield Courthouse in Portland, Oregon. Proposed voir dire and jury instructions, witness lists (including a time estimate for each witness and a brief description of their testimony), exhibit lists, trial memoranda, motions in limine and proposed verdict forms shall be filed on or before **November 8, 2010**. Proposed verdict forms and jury instructions shall be submitted to the court on disk in WordPerfect 10 for Windows (previous versions of WordPerfect are acceptable). Copies of exhibits and objections to exhibits shall be filed on or before **November 15, 2010** after conferral among the parties.

Finally, the parties are reminded that ***the court will not consider objections to exhibits unless and until the parties confer - in person or by telephone - as to each objection of the opposing party.*** Conferral by e-mail is not acceptable. Objections to exhibits must include detailed identification of the challenged exhibits, the basis for the objection, the amount of time spent conferring on the objection, and the reasons the parties could not reach agreement. The parties should be prepared to discuss

11   - OPINION AND ORDER

objections to exhibits at their respective pretrial conferences.

IT IS SO ORDERED.

DATED this 22 day of July, 2010.

_____
Ann Aiken
Chief United States District Judge