FILED '11 MAR 08 16:44 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GORDON J. ADDIS,

Plaintiff,

v.

MCKINLEY MEDICAL, LLC, a Colorado corporation, et al.,

Defendants.

Civ. No. 07-1318-AA

OPINION AND ORDER

---

Aiken, Chief Judge:

Plaintiff filed suit alleging products liability and negligence after a medical device commonly known as a pain pump was used to administer local anesthetics directly into plaintiff's shoulder joint following arthroscopic surgery. Defendants McKinley Medical, LLC (McKinley), DJO, LLC (DJO) and Pacific Medical, Inc. (PacMed) are manufacturers and distributors of the accused pain pumps.

McKinley moved for summary judgment several weeks before trial was scheduled to commence. The trial dates were vacated due to the length of trial in other pain pump cases, and

the parties eventually pursued settlement efforts. The court stayed McKinley's motion pending such efforts. Plaintiff ultimately settled his claims against defendants DJO and PacMed but not his claims against McKinley.

McKinley now moves to withdraw its Motion for Summary Judgment and counsel for McKinley also seeks to withdraw as counsel of record.

McKinley's motions to withdraw are premised on the declarations of counsel and a McKinley representative asserting that McKinley has exhausted its available insurance coverage and has no other source of funds to defend this action or pay for additional expert witness fees or defense costs. Counsel maintain that should the court deny the motion to withdraw as counsel, they will incur significant financial hardship through unpaid legal and witness fees and also face insurmountable obstacles in defending this action without paid experts. For the same reasons, McKinley seeks to withdraw its previously-filed motion for summary judgment. Should the court either grant or deny McKinley's motion, it no longer has the funds to defend an appeal or to seek appellate review of a ruling on the motion.

Plaintiff objects to both motions. Plaintiff maintains that allowing withdrawal of counsel will unecessarily delay the proceedings further, and that withdrawal of McKinley's motion for summary judgment will deprive other pain pump litigants of guidance and precedent with respect to the issues presented.

Counsel for McKinley have provided good cause for withdrawal, in that McKinley has asserted unequivocally that there are no funds to pay current and future defense costs or attorney fees. Mandula Decl.; Beattie Decl.; see Or. Rules of Prof'l Conduct 1.16(b)(6) (counsel may withdraw if continued representation will result in "unreasonable financial burden"); Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co., 310 F.3d 537, 540 (7th Cir.

2002) (where corporate client has no other lawyer and no intent to retain one or pay current lawyer, counsel should not be obligated to provide future legal services). I find good cause especially established by the Harris Beach firm and attorney Frederick Fern personally, who face the prospect of unreimbursed costs for travel, lodging, expert fees, court reporter fees and other costs associated with trial, in addition to providing legal services with no expectation of remuneration. See Fern Decl., pp. 4-5.

I further find that no unnecessary delay will result from allowing counsel to withdraw. The court will provide McKinley with three weeks to obtain replacement counsel. If McKinley fails to do so (and based on counsel's representations, it cannot do so), entry of default and default judgment against McKinley will occur. It is well established that a corporation may appear in federal court only through licensed counsel. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); Nedbank Int'l Ltd. v. Xero Mobile, Inc., 2008 WL 4814706, at *2 (C.D. Cal. Oct. 30, 2008). Thus, McKinley is advised and placed on notice that failure to obtain licensed counsel by the date ordered below will lead to the entry of default and ultimately default judgment against McKinley. If McKinley miraculously obtains funds to hire replacement counsel, it would be required to show exceptional reasons to continue the pretrial conference and trial currently set for April 2011, given the representations made to this court by McKinley and current counsel.

Finally, I find that withdrawal of counsel will not cause prejudice, in that plaintiff can seek and obtain a default judgment against McKinley. See Fidelity Nat'l Title, 310 F.3d at 541 ("Most likely, Cherry's withdrawal would leave the INTIC parties unrepresented, leading to default judgments against the three corporations (which can appear *only* by counsel). That would expedite rather than delay the conclusion of the case.").

With respect to McKinley's motion for summary judgment, I discern no purpose in ruling on a motion that is no longer sought by McKinley in light of its financial position and inability to defend a favorable ruling or appeal a disfavorable one. Withdrawal of the motion causes plaintiff no prejudice, as the case will proceed as if the motion had been denied. Further, similar motions for summary judgment remain pending in pain pump actions filed in this court.

## CONCLUSION

McKinley's Motions to Withdraw Summary Judgment Motion and to Withdraw as Counsel (docs. 469, 473) are GRANTED, and McKinley's Motion for Summary Judgment (doc. 333) is hereby withdrawn. Licensed counsel must appear on McKinley's behalf on or before March 29, 2011. Failure to do so shall result in entry of default against McKinley.

IT IS SO ORDERED.

DATED this 8 day of March, 2011.

Ann Aiken
United States District Judge